# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACQUELINE ASHMORE,
                    Appellant,

                    v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
SF-1221-21-0549-W-1

DATE: August 8, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Georgia A. Lawrence, Esquire, Atlanta, Georgia, for the appellant.

Holly Kay Botes, APO, AP, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action appeal (IRA) for lack of jurisdiction.  On petition for review, she reargues the merits of her appeal, reraises or raises for the first time on review additional claims that she has failed to prove she exhausted

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

with the Office of Special Counsel (OSC), and presents new evidence and argument on the issue of administrative exhaustion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the IRA exhaustion requirement, we AFFIRM the initial decision. We VACATE as unnecessary the administrative judge's findings that the appellant failed to nonfrivolously allege that she disclosed what she reasonably believed was an abuse of authority and as to the contributing factor criterion.

¶2        The administrative judge found that the appellant failed to prove she exhausted the required administrative remedies with OSC with respect to any alleged disclosures and/or personnel actions beyond those referenced in OSC's close-out letter. Initial Appeal File (IAF) Tab 8, Initial Decision (ID) at 7-8. The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (citations omitted). An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11 (citing *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011)). In the alternative, exhaustion may be proved

through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her Board appeal or an unrebutted certified statement to this effect on an appellant's initial appeal form. *Id.* & n.7 (citing, among other cases, *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 927 (7th Cir.), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2018)). The Board recently clarified that an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC. *Id.*, ¶ 10 (citing *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001)). To the extent that the administrative judge suggested the appellant was limited to the precise manner in which she described her claims to OSC, we find this description of the exhaustion requirement was overly restrictive. ID at 6 (citing *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992) ("For the exhaustion requirement to serve its intended purpose . . . the employee must inform [OSC] of the precise grounds for his charge of whistleblowing."). The administrative judge's statement regarding the standard for exhaustion was harmless because even applying the proper, less restrictive standard, the appellant failed to prove she exhausted her administrative remedies as to any disclosures beyond those identified in OSC's close-out letter. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶3        The administrative judge found that the appellant failed to nonfrivolously allege that her disclosures evidenced an abuse of authority because she was disputing agency policy or complaining about her treatment by her supervisor. ID at 9-10, 13-14. The administrative judge did not clearly articulate the basis for this alternative finding. *Id.* However, we vacate it as unnecessary because he correctly determined that the appellant's exhausted disclosures were, in essence, allegations that the agency had discriminated against her in violation of equal

employment opportunity (EEO) laws, and thus not within the scope of the Board's IRA jurisdiction. ID at 10-13; *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-17, 22-23. Finally, the administrative judge alternatively reasoned that, even assuming the appellant's disclosures were protected, she failed to nonfrivolously allege that her March 2021 disclosure contributed to the exhausted personnel action of her March 24, 2021 letter of reprimand because the reprimand was already in contemplation prior to the disclosure. ID at 14-17. We also vacate this alternative finding. Resolving this issue would require weighing conflicting evidence, and thus it is not appropriate at the jurisdictional stage. IAF, Tab 6 at 24, 55-57, 78-83; *King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 8 (2007) ("Before adjudicating an IRA appeal on the merits, the Board *must* make a threshold finding of jurisdiction." (emphasis in original)); *see Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶¶ 9-11 (2015) (finding that, at the jurisdictional stage in an IRA appeal, the Board could not weigh conflicting evidence regarding whether a personnel action was merely contemplated or completed and awaiting implementation, and therefore concluding an appellant nonfrivolously alleged he met the contributing factor criterion). Because we agree with the administrative judge that the appellant failed to nonfrivolously allege her disclosures were protected, we need not reach the contributing factor criterion. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (stating the Board is not required to address all jurisdictional elements when an appeal fails to meet one jurisdictional requirement because addressing the others would be both "unnecessary and possibly wasteful").

¶4      The appellant includes new documents and arguments with her petition for review.[2] Petition for Review (PFR) File, Tab 1. First, she attaches a copy of a

---

[2] Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite

response to OSC's preliminary determination letter, apparently to support her burden as to the administrative exhaustion requirement. *Id.* at 9-12. We note that the response letter does not provide any new information regarding the appellant's alleged disclosures. *Id.* The administrative judge considered this information below. *Id.*; ID at 7. Nothing in the response letter suggests that the appellant made any disclosure not previously considered by the administrative judge or that any of her disclosures were protected under 5 U.S.C. § 2302(b)(8).

¶5      Second, the appellant raises multiple new claims on review, including for example that she was subjected to the hostile work environment in reprisal for testifying in support of coworkers' EEO complaints. PFR File, Tab 1 at 2-4. There is no evidence below or on review that she exhausted her administrative remedies regarding these issues.

¶6      Finally, the appellant attaches to her petition for review a printout from the Board's website regarding prohibited personnel practices under 5 U.S.C. § 2302(b)(9). PFR File, Tab 1 at 14-17. Although not entirely clear, she may have attached this printout to support her argument that the administrative judge improperly limited his analysis to whether the appellant made a disclosure or engaged in an activity protected under 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D). PFR File, Tab 1 at 7. The Board's IRA jurisdiction is limited to claims that an agency retaliated against an appellant in reprisal for prohibited personnel practices set forth in 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D). PFR File, Tab 1 at 7; *see Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 5 (2014) (identifying those prohibited personnel practices over which the Board currently has IRA jurisdiction); *Van Ee v. Environmental Protection Agency*, 64 M.S.P.R. 693, 697,

the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). However, we have considered the appellant's arguments to the extent they impact the Board's jurisdiction, which is always before the Board and can be raised by the parties or sua sponte at any time. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).

699 (1994) (explaining that the scope of the Board's IRA jurisdiction did not include other prohibited personnel practices beyond, at the time that appeal was decided, reprisal for whistleblowing). Therefore, we discern no error in the administrative judge limiting his discussion to such claims. In sum, the appellant's new evidence and argument provides no basis to disturb the administrative judge's determination that the Board lacks jurisdiction over the appeal.[3]

¶7        The appellant did not allege below that her resignation was involuntary. IAF, Tab 5 at 9. On review, she concedes that, as the administrative judge found, she failed to exhaust this personnel action with OSC. ID at 7-8; PFR File, Tab 1 at 4; IAF, Tab 6 at 34. For the first time on review, the appellant suggests that her resignation was the result of a lack of management support and a resulting illness. PFR File, Tab 1 at 4. She may wish to file an alleged involuntary resignation appeal with the regional office. An employee-initiated action, such as a resignation, generally is not appealable to the Board unless an appellant proves that it was involuntary and thus constituted a constructive removal. *Gutierrez v. U.S. Postal Service*, 90 M.S.P.R. 604, ¶ 7 (2002). An appellant can establish involuntariness by demonstrating that the action resulted from duress, coercion, or misrepresentation provided by the agency. *Id.* We express no opinion as to whether the Board would have jurisdiction over such an appeal or whether it would be timely filed.

¶8        Accordingly, we affirm the administrative judge's initial decision as modified above.

---

[3] Nor do the appellant's arguments on review regarding the merits of the agency's alleged actions against her establish jurisdiction over her claims. PFR File, Tab 1 at 3-4.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.